UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| EVANSTON INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 14-027-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| HOUSING AUTHORITY | ) | **MEMORANDUM OPINION** |
| OF SOMERSET, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This case follows a personal injury trial in Somerset, Kentucky, in which a jury found that the Housing Authority of Somerset ("HAS") breached its duty to exercise ordinary care to maintain its common areas in a reasonably safe condition for its tenants and guests. The total judgment against the Housing Authority was $3,736,278.00.

HAS is part of a risk-management pool called the Kentucky Housing Authorities Self-Insurance Fund ("KHASIF"), which provides general liability coverage up to $150,000. KHASIF also has coverage with Evanston Insurance Company ("Evanston"), which provides coverage for claims that exceed $150,000. The coverage has two parts: Part A, which covers "bodily injury," and has a limit of $1,000,000 per occurrence and $2,000,000 in the aggregate; and Part B, which affords coverage for "wrongful acts," and has limits of $1,000,000 per claim and $2,000,000 in the aggregate. [Record No. 1, p. 6]

On February 11, 2014, Evanston filed a Complaint with this Court, seeking a declaration that the policy limit is $1,000,000 to cover the entire state-court suit. [Record No. 1] Evanston alleged diversity jurisdiction, naming HAS and KHASIF (collectively, the

- 1 -

"Housing Authority Defendants") and the individual plaintiffs from the state-court action (the "Individual Defendants") as defendants. *Id.* at pp. 1–4. Evanston was domiciled in Illinois, while each of the named defendants was domiciled in Kentucky. *Id.*

On December 8, 2015, the Court granted summary judgment in favor of Evanston, concluding that only the per-occurrence limit of $1,000,000.00 under Part A was available under the policy. [Record No. 61] The Individual Defendants appealed to the United States Court of Appeals for the Sixth Circuit, arguing *inter alia*, that this Court lacked subject matter jurisdiction. Specifically, they argued that, had the Housing Authority Defendants been aligned properly—as plaintiffs—diversity would have been destroyed. The Sixth Circuit reversed this Court's decision and remanded the case so that the Court could determine whether the parties were properly aligned for purposes of subject matter jurisdiction. *Evanston Ins. Co. v. Housing Auth. of Somerset*, No. 16-5018, 2016 WL 4119850 (6th Cir. Aug. 3, 2016).

When the Court assesses the parties' alignment, the plaintiff's characterization is not determinative. *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994)). Rather, the Court must look beyond the pleadings and align the parties "according to their real interests in the dispute." *Id.* The Sixth Circuit has expressed concern that the Housing Authority Defendants' interests may align with Evanston's and, therefore, they should be aligned as plaintiffs in the case.

It is well-established that the parties to an action must be aligned in accordance with the primary dispute in controversy. *See U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). The parties agree that the sole issue in this dispute is "whether the policy limits are $1,000,000.00, as contended by [Evanston], or whether policy limits are some amount greater than $1,000,000.00, as contended by Defendants." [Record No. 38-1, p.

6]  Therefore, the Court's only inquiry is whether the Housing Authority Defendants' interest was adverse to Evanston's with respect to the principal purpose of the suit.  *See Huntington Nat'l Bank v. St. Catharine Coll., Inc.*, No, 3: 16-cv-465, 2016 WL 6462169, at *2 (W.D. Ky. Oct. 31, 2016) (citing *City of Indianapolis v. Chase Nat. Bank of City of N.Y.*, 314 U.S. 63, 69 (1941)).  The Court bases its assessment on the parties' respective positions at the time the Complaint was filed.  *See Evanston*, 2016 WL 4119850, at *4 (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004)).

"Antagonism between the parties should be resolved by the pleadings and the nature of the controversy."  *U.S. Fidelity & Guar. Co. v. A&S Mfg. Co., Inc.*, 48 F.3d 131, 134 (4th Cir. 1995) (citing *Smith v. Sperling*, 354 U.S. 91, 97 (1957)).  Facially, the Housing Authority Defendants' interest was adverse to Evanston's when the Complaint was filed on February 11, 2014.  The Housing Authority Defendants denied Evanston's allegation that the policy coverage was limited to $1,000,000.00.  [Record Nos. 19, ¶ 2; 22, ¶ 2]  Further, a judgment in excess of three million dollars had recently been entered against HAS in state court.  Because the KHASIF policy provided coverage only up to $150,000, the Housing Authority Defendants ostensibly had a strong interest in limiting their liability through maximizing the coverage on the Evanston policy.

On April 14, 2014, the parties entered into a settlement agreement under which Evanston agreed to pay the yet-to-be-determined "policy limits" and the Individual Defendants released the Housing Authority Defendants from further liability.  *See Evanston*, 2016 WL 4119850.  From that point on, the Housing Authority Defendants' interest in the litigation presumably changed.  The Sixth Circuit was troubled because the Housing Authority Defendants failed to file an appellate brief or join the Individual Defendants' brief challenging

- 3 -

this Court's summary judgment in favor of Evanston.  There are several explanations for the Housing Authority Defendants' failure to join in the appeal, however.  They may have felt that the Individual Defendants would sufficiently represent their interests.  Alternatively, they may have no longer had a substantial interest in the matter.  Regardless, the failure to appeal does not shed light on the parties' respective interests at the time the Complaint was filed.

The Individual Defendants also contend that the terms of the parties' settlement agreement favor the Housing Authority Defendants by releasing them from further liability.  While this contention may be true, the Court must look to the facts as they existed at the time the Complaint was filed.  There has been no suggestion that Evanston and the Housing Authority Defendants had already been in settlement talks or that they otherwise colluded to create diversity jurisdiction.  The Court will not speculate regarding a connection between the settlement and the parties' alignment.

To further support the claim of improper alignment, the Individual Defendants contend that HAS previously protected Evanston's interest.  Specifically they allege that when they attempted to join Evanston in the state court action following the jury verdict, HAS "argued against such motion on the grounds that it was contrary to Evanston's potential interest in a federal forum."  The Housing Authority Defendants contend that this is a mischaracterization and that they merely acknowledged that Evanston would have the option of removing a case filed separately against it.[1]  The Court agrees that, even if the statements were made exactly as

---

[1] On September 19, 2016, the Individual Defendants filed "Objections" [Record No. 71] that were not contemplated by the Court's Scheduling Order of August 25, 2016.  Attached thereto is a purported partial transcript of the state court proceedings at issue.  Evanston has filed a motion to strike [Record No. 72], based on the fact that this filing was not permitted under the Scheduling Order.  The Court will grant the motion to strike, as parties are not permitted to make such filings

the Individual Defendants contend, they are of no consequence.  Minimizing overall liability was the issue in the state court case, as opposed to determining Evanston's obligation under the insurance policy in this action.  *See Am. Cas. Co. v. Howard*, 173 F.2d 924, 926 (4th Cir. 1949) (while declaratory judgment plaintiff and defendants shared common interests in a related civil proceeding, alignment on opposite sides during declaratory judgment action was proper due to dispute over insurance coverage).  This alleged evidence indicating that the Housing Authority Defendants were not adverse to Evanston in the state court proceedings is not enough to suggest that they were aligned for the purposes of this action.

Finally, during summary judgment briefing, Evanston submitted an affidavit given by KHASIF's president, Kent Latham, on November 10, 2014.  [Record No. 47-1]  Latham stated it was "clear to [him], based on the language of the [insurance] policy, that Coverage A and Coverage Part B would never apply simultaneously to the same incident."   He also stated that he "never anticipated that Evanston would pay more than $1,000,000 under our policy to cover any one incident that gave rise to the liability of the [HAS]."   The Individual Defendants contend that this affidavit demonstrates that the Housing Authority Defendants were not actually adverse to Evanston.

Following Evanston's filing of the affidavit, the Individual Defendants moved to strike it, arguing that it lacked credibility.  [Record no. 55]  The Individual Defendants reasoned that, because the affidavit was prepared and offered only after the Housing Authority Defendants were released from liability, Latham had an interest in limiting coverage under the Evanston

---

without first seeking leave of Court.  Further, the tendered transcript is not essential to the Court's analysis.

policy.  The Court granted the motion to strike, concluding that resolution of the matter was purely a question of law.  [Record No. 61, p.1]

Although Latham might have not anticipated that the Evanston policy would pay more than $1,000,000 in this situation, Latham's personal opinion regarding a legal issue would not preclude the Housing Authority Defendants from taking an adverse position in litigation. Notably, the affidavit was provided on November 10, 2014—several months after the Complaint was filed and the claims were settled against the Housing Authority Defendants.

The Court is mindful of the suggestion that Latham's statements may reflect on the Housing Authority Defendants' true position at the time the lawsuit was filed.  While the parties' alignment lacks perfect clarity, the Court finds no grounds for realigning the parties. After examining all of the circumstances, including the factors identified by the Sixth Circuit, the Court is unpersuaded that the Housing Authority Defendants' interests aligned more closely with those of Evanston than those of the Individual Defendants at the time the Complaint was filed.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Evanston's Motion to Strike [Record No. 72] is **GRANTED**.

2.      Having concluded that the parties are properly aligned and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the Court's Memorandum Opinion and Order and Judgment of December 8, 2015, are **REINSTATED.**

This 9th day of November, 2016.



Signed By:

*Danny C. Reeves*

United States District Judge